AtkiksoN, J.,
delivered the opinion of the court.
This is a suit of Albert Motschman against the United States for the sum of $559.12, which amount was deducted by the Government from the contract price for the erection of certain buildings at the Southern Ute Indian Agency, Colo., as damages for his failure to complete his contract within the time limit specified by the contract.
It appears from the evidence that the bids for the erection of the buildings covered by the contract were opened May 6, 1901, and that on May 21, 1901, the contract was let to plaintiff. The contract required the completion of the work on or before December 1, 1901. It appears from plaintiff’s own testimony that said date was fixed by him as the time for the completion of the work. The contract included a provision for a deduction of $10 per day as liquidated damages for every day the completion of the work was delayed beyond the contract period.
*375 Plaintiff’s principal contentions are (1) unusual delay in the appointment by the Government of a superintendent of construction, and (2) failure to promptly forward plans ' and specifications to him by the agents of the United States.
Plaintiff testifies that he was notified about July 15, 1901,. by letter from one Frank R. Lake, that he (Lake) had been appointed superintendent of construction for the work re-' quired by the contract. Plaintiff further states that at a ' later date Lake notified him that he would be busy about' some other work and that he would return to Durango, Colo., about August 15, 1901. Labe, in his testimony, states that he was appointed superintendent of this work by the Government on or about July 2, 1901; that he received no-.' tice of his appointment about July 4 or 5, 1901, and that he then notified the plaintiff about July 8,1901, of his appointment ; that in answer to correspondence between himself and the plaintiff he stated he was ready to proceed with his duties as superintendent of the work provided for by the contract. Plaintiff, however, did not appear at the place where the buildings were to be erected until between August 16 and 18, 1901. Consequently there is no conclusive proof that the Government wras responsible for the delay that occurred during this period.
A letter from the Commissioner of Indian Affairs, which appears in the record, states that the plans and specifications were forwarded to plaintiff on June 19, 1901.
Plaintiff’s testimony shows that he did not arrive at the site for the buildings until between August 16 and 18, 1901. From the date of the receipt of the plans and specifications' by plaintiff, mailed to him at Chicago, Ill., from Washington, D. C., June 19, 1901, until the date of his arrival at the building site in Colorado,. August 16 to 18, 1901, there is no evidence to show any Government intervention or responsibility for delay.
Plaintiff attempts to place the responsibility for a considerable part of the delay in completing the work within the contract period to the nonarrival of the heating plant. It is distinctly set out in the contract that the character of heating plant was to be restricted to a certain manufacture, and that *376 the plant to be installed was first to be approved by the Government. From the evidence in the record it appears that plaintiff knew that the character of plant required by the contract could not be delivered until November 1, 1901. It is shown by his own testimony that if he had been able to have installed the heating plant before or during the month of October, 1901, he could have proceeded with the plastering of the buildings during the latter part of October and the month of November, 1901; yet his contract with the manufacturer of this particular type of heating apparatus fixed the time for its delivery to him on November 1, 1901. tie also knew when he signed the contract what the character of the heating plant was to be and knew, or should have known, at what date he would be able to secure it from the manufacturer.
Another cause of delay, as shown by the testimony, was the failure of the railways to promptly deliver supplies which plaintiff had bought and shipped to the place where the work was to be done, over which, it is evident, the United States had no control.
To summarize, plaintiff had full knowledge of the contents of the contract and specifications before he signed them; he fixed the date for the completion of the work himself; he knew the heating plant was to be of a special kind and should have informed himself as to any delay likely to occur in its delivery; that from about June 22 to August 16 or 18, 1901, plaintiff was in no wise restricted by the Government in executing the work of his contract, yet it appears that he did not begin active work until August 22, 1901; that from the signing of the contract on May 21, 1901, until the forwarding of the plans and specifications to plaintiff on June 19, 1901, was not an unreasonable delay on the part of the Government; and finally that the delays complained of by plaintiff are of such a nature that they might have been foreseen and prevented by him.
From the facts above stated no recovery can be had, and the petition is necessarily dismissed.